FILED
CLERK, U.S. DISTRICT COURT

02/12/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: ___M.B.___ DEPUTY

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
CAITLIN J. CAMPBELL (Cal. Bar No. 324364)
Assistant United States Attorney
Orange County Office
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3541
    E-mail:   caitlin.campbell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

         Plaintiff,

              v.

KATELYN SEITZ,

         Defendant.

No.  8:26-cr-00021-FWS

PLEA AGREEMENT FOR DEFENDANT
KATELYN SEITZ

1.    This constitutes the plea agreement between KATELYN SEITZ

("defendant") and the United States Attorney's Office for the Central

District of California (the "USAO") in the above-captioned case.

This agreement is limited to the USAO and cannot bind any other

federal, state, local, or foreign prosecuting, enforcement,

administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

         a.    At the earliest opportunity requested by the USAO and

provided by the Court, appear and plead guilty to the single-count

information in the form attached to this agreement as Exhibit A or a

1  substantially similar form, which charges defendant with Simple

2  Assault on a Federal Officer or Employee, in violation of 18 U.S.C.

3  § 111(a)(1), a Class A Misdemeanor.

4          b.   Not contest facts agreed to in this agreement.

5          c.   Abide by all agreements regarding sentencing contained

6  in this agreement.

7          d.   Appear for all court appearances, surrender as ordered

8  for service of sentence, obey all conditions of any bond, and obey

9  any other ongoing court order in this matter.

10         e.   Not commit any crime; however, offenses that would be

11 excluded for sentencing purposes under United States Sentencing

12 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

13 within the scope of this agreement.

14         f.   Be truthful at all times with the United States

15 Probation and Pretrial Services Office and the Court.

16         g.   Pay the applicable special assessment at or before the

17 time of sentencing unless defendant has demonstrated a lack of

18 ability to pay such assessment.

19         h.   Submit a handwritten note of apology to victim M.M. no

20 less than one week before sentencing positions, which is to be

21 provided to the government.

22         i.   Agree to and not oppose the imposition of the

23 following condition of probation or supervised release: Not knowingly

24 enter or come within 100 feet of a federal building or within 100

25 feet of a federal law enforcement officer engaged in the performance

26 of his or her official duties for an unlawful purpose or with the

27 intent to protest, harass, or cause a disturbance, without prior

28 permission of Pretrial Services.  Notwithstanding the prior sentence,

2

1  defendant is permitted to enter a federal building for legitimate
2  business or governmental purposes, however, defendant must adhere to
3  the building's rules and regulations at all times and follow the
4  commands of any federal employee or officer, and defendant must leave
5  the building immediately, and without a disturbance, if directed by a
6  federal employee or officer.  Any violations of this condition,
7  whether intentional or inadvertent, shall be reported within 24 hours
8  of occurrence.

9       3.   Defendant further agrees:

10      a.   To pay restitution for the damage caused to the
11 magnetometer at 34 Civic Center Plaza, Santa Ana, California 92701,
12 in the amount of $8,830, pursuant to 18 U.S.C. § 3663(a)(3).

13      b.   The restitution amount listed above is due and payable
14 immediately after the judgment is entered and is subject to immediate
15 enforcement in full.  If the Court imposes a schedule of payments,
16 defendant agrees that any such schedule of payments is a schedule of
17 the minimum payment due, and that the payment schedule does not
18 prohibit or limit the methods by which the judgment may be
19 immediately enforced in full.

20      c.   If defendant makes a payment of the restitution prior
21 to sentencing, the payment will be applied as a credit against this
22 restitution obligation in accordance with applicable law.

THE USAO'S OBLIGATIONS

24      4.   The USAO agrees to:

25      a.   Not contest facts agreed to in this agreement.

26      b.   Abide by all agreements regarding sentencing contained
27 in this agreement.

28

3

c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.   Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 18 U.S.C. §§ 111(a)(1), (b) or 18 U.S.C. § 1361 arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 10 below.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.  Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

<u>NATURE OF THE OFFENSE</u>

5.   Defendant understands that for defendant to be guilty of the crime charged in the single-count information, that is, Simple Assault on a Federal Officer or Employee, in violation of Title 18, United States Code, Section 111(a)(1), the following must be true: (1) defendant forcibly assaulted an officer or employee of the United States; (2) the defendant did so while the officer or employee of the

United States was engaged in, or on account of, his or her official duties.

### PENALTIES AND RESTITUTION

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 111(a)(1), as charged in the single-count information, is: one year imprisonment; a one-year period of supervised release; a fine of $100,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $25.

7.    Defendant agrees to make full restitution to the victim(s) of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any charge not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those charges.  The parties currently believe that the applicable amount of restitution is at least $8,830, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.  The government reserves the right to seek up to $10,000 in restitution.

8.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.    Defendant understands that, if defendant is not a United States citizen, the conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

<u>FACTUAL BASIS</u>

10.    Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On January 9, 2026, in Orange County, within the Central District of California, defendant intentionally and forcibly assaulted victim M.M., an officer or employee of the Federal Protective Service, while M.M. was engaged in, and on account of, the performance of M.M.'s official duties.

Specifically, on January 9, 2026, defendant was part of a crowd that had gathered at 34 Civic Plaza, Santa Ana, California 92701 ("34 Civic Plaza"), a federal building. At approximately 9:00 p.m., federal officers ordered defendant and the rest of the crowd to disperse because 34 Civic Plaza was closed to the public. Rather than disperse, defendant threw an orange traffic cone at federal officers. Federal officers, including M.M., then attempted to arrest defendant. Defendant resisted arrest and, while resisting, punched M.M. in the groin. In doing so, defendant intentionally struck an employee and officer of the Federal Protective Service.

During the course of defendant's arrest, and as defendant was being brought inside 34 Civic Plaza, defendant also kicked over a magnetometer, causing $8,830 in damage.

<u>SENTENCING FACTORS</u>

11. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will

be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12.    Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 10 | U.S.S.G. § § 2A2.4 |
| Physical Contact: | +3 | U.S.S.G. § 2A2.4(b)(1)(A) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13.    Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.    Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

15.    The parties stipulate and agree that there is sufficient information in the record to enable the Court to exercise its sentencing authority meaningfully without a presentence investigation or report.    The parties agree to recommend immediate sentencing, with defendant's criminal history calculated pursuant to a government-prepared rap sheet or criminal history report, provided that the court makes a specific finding pursuant to Fed. R. Crim. P. 32(c)(1) that the information in the record is sufficient to enable the court to meaningfully exercise its sentencing authority pursuant to 18 U.S.C. § 3553 without a pre-sentence investigation report.    The

Court's failure to follow this recommendation does not constitute a basis to withdraw the guilty plea.

16.    The parties agree that defendant shall pay a special assessment in the amount of $25.00 to be paid forthwith at time of sentencing and that all fines should be waived as defendant does not have the ability to pay a fine.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.    Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

1          h.    Any and all rights to pursue any affirmative defenses,

2   Fourth Amendment or Fifth Amendment claims, and other pretrial

3   motions that have been filed or could be filed.

4                    WAIVER OF APPEAL OF CONVICTION

5       18.  Defendant understands that, with the exception of an appeal

6   based on a claim that defendant's guilty plea was involuntary, by

7   pleading guilty defendant is waiving and giving up any right to

8   appeal defendant's conviction on the offense to which defendant is

9   pleading guilty.  Defendant understands that this waiver includes,

10  but is not limited to, arguments that the statute to which defendant

11  is pleading guilty is unconstitutional, and any and all claims that

12  the statement of facts provided herein is insufficient to support

13  defendant's plea of guilty.

14      19.  Defendant also gives up any right to bring a post-

15  conviction collateral attack on the conviction or sentence, except a

16  post-conviction collateral attack based on a claim of ineffective

17  assistance of counsel, a claim of newly discovered evidence, or an

18  explicitly retroactive change in the applicable Sentencing

19  Guidelines, sentencing statutes, or statutes of conviction.

20  Defendant understands that this waiver includes, but is not limited

21  to, arguments that the statute to which defendant is pleading guilty

22  is unconstitutional, and any and all claims that the statement of

23  facts provided herein is insufficient to support defendant's plea of

24  guilty.

25              LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

26      20.  Defendant agrees that, provided the Court imposes a term of

27  imprisonment within or below the range corresponding to an offense

28  level of 13 and the criminal history category calculated by the

10

Court, defendant gives up the right to appeal all of the following:
(a) the procedures and calculations used to determine and impose any
portion of the sentence; (b) the term of imprisonment imposed by the
Court, provided it is within the statutory maximum; (c) the fine
imposed by the Court, provided it is within the statutory maximum;
(d) to the extent permitted by law, the constitutionality or legality
of defendant's sentence, provided it is within the statutory maximum;
(e) the amount and terms of any restitution order, provided it
requires payment of no more than $8,830; (f) the term of probation or
supervised release imposed by the Court, provided it is within the
statutory maximum; and (g) any of the following conditions of
probation or supervised release imposed by the Court: the conditions
set forth in Second Amended General Order 20-04 of this Court; the
drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and
3583(d); the alcohol and drug use conditions authorized by 18 U.S.C.
§ 3563(b)(7); and any conditions of probation or supervised release
agreed to by defendant in paragraph 2 above.

21. The USAO agrees that, provided (a) all portions of the
sentence are at or below the statutory maximum specified above and
(b) the Court imposes a term of imprisonment within or above the
range corresponding to an offense level of 13 and the criminal
history category calculated by the Court, the USAO gives up its right
to appeal any portion of the sentence, with the exception that the
USAO reserves the right to appeal the amount of restitution ordered
if that amount is less than $10,000.

WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

22. Defendant agrees that: (i) any statements made by
defendant, under oath, at the guilty plea hearing; (ii) the agreed to

11

factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

Defendant further agrees that this paragraph of the agreement is severable. Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept their guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement. Defendant also agrees that their waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

23. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and

1 (ii) defendant waives and gives up all defenses based on the statute

2 of limitations, any claim of pre-indictment delay, or any speedy

3 trial claim with respect to any such action, except to the extent

4 that such defenses existed as of the date of defendant's signing this

5 agreement.

6 <u>EFFECTIVE DATE OF AGREEMENT</u>

7    24.  This agreement is effective upon signature and execution of

8 all required certifications by defendant, defendant's counsel, and an

9 Assistant United States Attorney.

10 <u>BREACH OF AGREEMENT</u>

11    25.  Defendant agrees that if defendant, at any time after the

12 signature of this agreement and execution of all required

13 certifications by defendant, defendant's counsel, and an Assistant

14 United States Attorney, knowingly violates or fails to perform any of

15 defendant's obligations under this agreement ("a breach"), the USAO

16 may declare this agreement breached.  All of defendant's obligations

17 are material, a single breach of this agreement is sufficient for the

18 USAO to declare a breach, and defendant shall not be deemed to have

19 cured a breach without the express agreement of the USAO in writing.

20 If the USAO declares this agreement breached, and the Court finds

21 such a breach to have occurred, then: (a) if defendant has previously

22 entered a guilty plea pursuant to this agreement, defendant will not

23 be able to withdraw the guilty plea, and (b) the USAO will be

24 relieved of all its obligations under this agreement.

25    26.  Following the Court's finding of a knowing breach of this

26 agreement by defendant, should the USAO choose to pursue any charge

27 that was either dismissed or not filed as a result of this agreement,

28 then:

a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

27. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

28. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed

14

as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.   Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

30.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

///

1       PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2       31.   The parties agree that this agreement will be considered

3  part of the record of defendant's guilty plea hearing as if the

4  entire agreement had been read into the record of the proceeding.

5  AGREED AND ACCEPTED

6  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
7  CALIFORNIA

8  TODD BLANCHE
   Deputy Attorney General

9
   BILAL A. ESSAYLI
10 First Assistant United States
   Attorney
11
   *Caitlin Campbell*                          2/12/26
12 _____        _____
   CAITLIN J. CAMPBELL                        Date
13 Assistant United States Attorney

14 *Katelyn Seitz*                            02/10/26
   _____        _____
   KATELYN SEITZ                              Date
15 Defendant

16 *Terra Castillo Laughton*                   2/11/26
   _____        _____
17 TERRA CASTILLO LAUGHTON                    Date
   Attorney for Defendant KATELYN
   SEITZ
18

19

20            CERTIFICATION OF DEFENDANT
21
   I have read this agreement in its entirety.  I have had enough
22
   time to review and consider this agreement, and I have carefully and
23
   thoroughly discussed every part of it with my attorney.  I understand
24
   the terms of this agreement, and I voluntarily agree to those terms.
25
   I have discussed the evidence with my attorney, and my attorney has
26
   advised me of my rights, of possible pretrial motions that might be
27
   filed, of possible defenses that might be asserted either prior to or
28

                          16

at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
of relevant Sentencing Guidelines provisions, and of the consequences
of entering into this agreement.  No promises, inducements, or
representations of any kind have been made to me other than those
contained in this agreement.  No one has threatened or forced me in
any way to enter into this agreement.  I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charge and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

*Katelyn Seitz*

KATELYN SEITZ                              02/10/26
Defendant                                  Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

    I am KATELYN SEITZ's attorney.  I have carefully and thoroughly
discussed every part of this agreement with my client.  Further, I
have fully advised my client of their rights, of possible pretrial
motions that might be filed, of possible defenses that might be
asserted either prior to or at trial, of the sentencing factors set
forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is an informed and voluntary one; and the factual basis set

1  forth in this agreement is sufficient to support my client's entry of

2  a guilty plea pursuant to this agreement.

3

_Terra Castillo Laughton_ _____          2/11/26 _____

4  TERRA CASTILLO LAUGHTON                          Date
   Attorney for Defendant KATELYN

5  SEITZ

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,          No. 8:26-

11            Plaintiff,               I N F O R M A T I O N

12            v.                       [18 U.S.C. § 111(a)(1): Simple
                                       Assault on Federal Officer]
13  KATELYN SEITZ,
                                       **[CLASS A MISDEMEANOR]**
14            Defendant.

15

16       The First Assistant United States Attorney charges:

17              [18 U.S.C. § 111(a)(1)]

18       On or about January 9, 2026, in Orange County, within the

19  Central District of California, defendant KATELYN SEITZ,

20  intentionally and forcibly assaulted, resisted, impeded, intimidated,

21  and interfered with employees of the Federal Protective Service.

22

23

24

25  //

26  //

27

28

1  while the employees were engaged in, and on account of, the

2  performance of their official duties.

3

4                                    TODD BLANCHE
                                     Deputy Attorney General
5
                                     BILAL A. ESSAYLI
6                                    First Assistant United States
                                     Attorney
7

8
                                     MARK P. TAKLA
9                                    Assistant United States Attorney
                                     Chief, Orange County Office
10
                                     GREGORY S. SCALLY
11                                   Assistant United States Attorney
                                     Deputy Chief, Orange County Office
12
                                     CAITLIN J. CAMPBELL
13                                   Assistant United States Attorney
                                     Orange County Office
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2