TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
CAITLIN J. CAMPBELL (Cal. Bar No. 324364)
Assistant United States Attorney
Orange County Office
    Ronald Reagan Federal Bldg. & U.S. Courthouse
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3541
    Facsimile: (714) 338-3701
    E-mail:    caitlin.campbell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>        v.<br><br>KATELYN SKYE SEITZ,<br><br>      Defendant. | No. 8:26-cr-00021-FWS<br><br>GOVERNMENT'S ADDITIONAL SENTENCING MATERIALS |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Caitlin J. Campbell, hereby files the proposed sentencing script provided to the Court during the March 5, 2026 sentencing (attached as **Exhibit A**)

//

//

//

and Second Amended General Order 20-04 of this Court (attached as **Exhibit B**).


 Dated: March 5, 2026                Respectfully submitted,

                                     TODD BLANCHE
                                     Deputy Attorney General

                                     BILAL A. ESSAYLI
                                     First Assistant United States
                                     Attorney

                                     ALEXANDER B. SCHWAB
                                     Assistant United States Attorney
                                     Acting Chief, Criminal Division

                                     MARK P. TAKLA
                                     Assistant United States Attorney
                                     Chief, Santa Ana Branch Office

                                          /s/ *Caitlin J. Campbell*
                                     CAITLIN J. CAMPBELL
                                     Assistant United States Attorney

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

2

# Exhibit A
Proposed Sentencing Script

Case: **United States v. Katelyn Skye Seitz - 8:26-CR-00021-FWS**

Having considered the sentencing factors enumerated at 18 U.S.C. § 3553(a) including the advisory guideline range of 12 months based upon an offense level of 13 and a criminal history category of I:

It is ordered that the defendant shall pay to the United States a special assessment of $25, which is due immediately.

It is ordered that the defendant shall pay restitution in the total amount of $8,830 pursuant to 18 U.S.C. § 3663(a)(3).

The amount of restitution ordered shall be paid as follows: a partial payment of $1,000 shall be paid no later than three months from the date of sentencing.  The remaining balance shall be paid in monthly payments of at least 10% of defendant's gross monthly income but not less than $150, whichever is greater.  Monthly payments shall begin the month after the partial payment of $1,000 is made.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest.  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that they are unable to pay and are not likely to become able to pay any fine.

The defendant shall comply with Second Amended General Order No. 20-04.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, **Katelyn Skye Seitz**, is hereby placed on probation on the Single-Count Information for a term of twelve months under the following terms and conditions:

1.  The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04;

2.  The defendant shall cooperate in the collection of a DNA sample from the defendant;

3. The defendant shall not commit any violation of local, state or federal law or ordinance;

4. During the period of community supervision, the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

5. The defendant shall participate for a period of ___ months in a home detention program which may include electronic monitoring or GPS and shall observe all rules of such program, as directed by the Probation Officer;

6. The defendant shall pay the costs of Location Monitoring to the contract vendor, not to exceed the sum of $12.00 for each day of participation.  The defendant shall provide payment and proof of payment as directed by the Probation Officer; and

7. The defendant shall stay at least 500 feet away from 34 Civic Center Drive, Santa Ana, California 92702 unless prior written approval is granted by the Probation Officer.

Bond is exonerated.

**Exhibit B**
Second Amended General Order
20-04

**FILED**
CLERK, U.S. DISTRICT COURT

December 1, 2020

CENTRAL DISTRICT OF CALIFORNIA
BY: *Natalie L. Calkins* DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF ADOPTION OF STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE AND SENTENCING ORDERS AND CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS )))))))))) | SECOND AMENDED GENERAL ORDER NO. 20-04 (Supersedes General Order No.18-10) |

This General Order supersedes General Order No. 18-10.  IT IS HEREBY ORDERED that the Judges of the Central District of California adopt:  (1) the standard conditions of probation and supervised release set forth in Section I, below, to apply in every case in which probation or supervised release is imposed; (2) the sentencing orders set forth in Section II, below, to apply in every case in which a fine or restitution has been ordered; and (3) the conditions of probation and supervised release set forth in Section III, below, to apply in every case in which probation or supervised release is imposed in addition to the imposition of a fine or restitution.  The presiding judge may impose any other conditions the judge deems advisable, consistent with existing or future law, in individual cases of supervision.

**I.    STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE**

1) The defendant must not commit another federal, state, or local crime;

2) The defendant must report to the probation office in the federal judicial

district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;

3) The defendant must report to the probation office as instructed by the court or probation officer;

4) The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;

5) The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;

6) The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;

7) The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;

8) The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;

9) The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or

2

rehabilitation;

10) The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

11) The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12) For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;

13) The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;

14) The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

## II. STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

1) The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money

order must include the case name and number.  Payments must be delivered to:

> United States District Court, Central District of California
>
> Attn: Fiscal Department
>
> 255 East Temple Street, Room 1178
>
> Los Angeles, CA 90012

or such other address as the Court may in future direct.

2) If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office.  18 U.S.C. § 3613.

3) The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. § 3612(b)(l)(F).

4) The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k).  See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

5) Payments will be applied in the following order:

   a.  Special assessments under 18 U.S.C. § 3013;

   b.  Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):

   > Non-federal victims (individual and corporate),
   >
   > Providers of compensation to non-federal victims,

4

The United States as victim;

    c.    Fine;

    d.    Community restitution, under 18 U.S.C. § 3663(c); and

    e.    Other penalties and costs.

## III.  CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS

1) As directed by the Probation Officer, the defendant must provide to the Probation Officer:  (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

2) When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification.  If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account.  The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

5

Second Amended General Order No. 20-04

3)    The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

This General Order will be effective upon filing by the Clerk.

IT IS SO ORDERED.

_____
CHIEF UNITED STATES DISTRICT JUDGE

*Date of Approval by the Court:*    December 1, 2020


*Date of Filing by the Clerk:*    December 1, 2020

6